## JOHN S. MOORE *v.* COMMONWEALTH.

**Criminal Law—Self-Defense.**

> Where an altercation takes place on defendant's premises, the defendant had the right to require the deceased to leave the premises, and on his refusal, to use such means as were necessary to make him leave, and if the deceased assaulted the defendant with a deadly weapon, or for the purpose of taking his life or inflicting great bodily harm, the defendant had a right to defend himself, and for this purpose to use such force as was necessary, or apparent to him to be necessary, to avoid the danger, and if in so doing he killed his adversary it is self-defense.

### APPEAL FROM OHIO CRIMINAL COURT.

December 19, 1877.

OPINION BY JUDGE PRYOR:

The objections to the several instructions, and particularly those defining murder and manslaughter, arise from the failure of the court to insert the words "reasonable doubt." The jury is told in a subsequent instruction that if they have a reasonable doubt as to the degree of the offense they must find the defendant guilty of manslaughter, and in still another instruction that if they have a reasonable doubt as to his guilt they must acquit. The instructions are numerous, and while the question of reasonable doubts has been presented by instruction 9, it should have been embraced in the leading

instructions, by which the jury is told what facts must be shown in order to constitute the offense with which the accused is charged.

The 5th instruction and others given assume that the accused shot the deceased. This fact should have been left to the jury. The instructions based upon self-defense and apparent necessity are misleading in this; it is conceded that the deceased was on the premises of the accused at the time the shooting is alleged to have taken place. The theory of the defense is that the accused and his family were abused by the deceased and that the deceased was approaching the accused with a knife in his hand at the time the gun was fired. If the altercation took place on the premises of the accused, and of this there can be no question, the accused had the right to require the deceased to leave the premises whether the purpose of the deceased was to commit a crime or riot, and on his refusal, to use such means as were necessary, and no more, to make him leave; and if the deceased assaulted the accused with a deadly weapon, or for the purpose of taking his life or inflicting great bodily harm, the accused had a right to defend himself, and for this purpose to use such force as was necessary, or apparently necessary, to avoid the danger. If such assault was made on his own premises he was not compelled to retreat, but had the right to expel his adversary from there, using no more force than was necessary or seemed to him to be necessary at the time, and if in so doing he killed his adversary it is self-defense. The right to presume ended as soon as the accused had reasonable grounds to believe that the danger was no longer impending.

Instructions 9 and 6 should not have been given, and the other instructions modified so as to remove the objections pointed out. The 4th, 9th, 6th, 7th and 8th instructions asked by counsel for the accused should have been given. The judgment below is *reversed* and cause remanded with directions to award a new trial and for further proceedings consistent with this opinion.

*Walker & Hubbard, for appellant. Moss, for appellee.*